**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH BINDA, *individually and on behalf of all those similarly situated,*<br><br>and<br><br>LAKISIA WEBSTER, *individually and on behalf of all those similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>EDGE FITNESS, LLC,<br>50 Boston Post Rd, Ste. B<br>Orange, CT 06477<br><br>Defendant. | No:<br><br>INDIVIDUAL AND COLLECTIVE ACTION UNDER THE FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR CLAIMS UNDER THE NJWHL<br><br>INDIVIDUAL AND CLASS ACTION FOR CLAIMS UNDER THE FMWA<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Named Plaintiffs Joseph Binda ("Named Plaintiff Binda") and Lakisia Webster ("Named Plaintiff Webster") (collectively "Named Plaintiffs"), individually and on behalf of those similarly situated, by and through undersigned counsel, hereby complain as follows against Defendant Edge Fitness, LLC ( "Defendant").

## INTRODUCTION

1. Named Plaintiffs have initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), the Fair Minimum Wage Act ("FMWA"), the Massachusetts Common Law ("MA Common Law"), and the New Jersey Wage and Hour Law ("NJWHL"). Named Plaintiffs assert that Defendant failed to pay Named Plaintiffs and those similarly situated earned overtime wages in violation of the FLSA, FMWA, the MA Common

Law, and NJWHL. As a consequence of Defendant's actions, Named Plaintiffs and those similarly situated have suffered damages.

## PARTIES

2. The foregoing paragraphs are incorporated herein as if set forth in full.

3. Named Plaintiff Binda is an adult individual whom Defendant employed in Massachusetts.

4. Named Plaintiff Webster is an adult individual whom Defendant employed in New Jersey.

5. Defendant is a corporation, headquartered at the address set forth above, that operates fitness centers throughout the United States, including New Jersey, Massachusetts, and Pennsylvania.

6. At all times relevant herein, Defendant acted by and though its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. This Court may properly maintain personal jurisdiction over Defendant because Defendant has consented to same pursuant 42 Pa. Cons. Stat. § 5301(a)(2)(i).Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

9. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related Massachusetts and New Jersey state law claims

because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

10. Venue is properly laid in this judicial district pursuant to 42 Pa.C.S. § 5301, Defendant has consented to personal jurisdiction within this state by registering to do business within same. *See* 42 Pa. Cons. Stat. § 5301(a)(2)(i)

**FLSA COLLECTIVE ACTION ALLEGATIONS**

11. In addition to bringing this action individually, Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who, at any point during the period from three years prior to the date the instant action was initiated through the present, worked for Defendant as personal trainers or any other hourly position, worked more than 40 hours during at least one workweek, and were subject to Defendant's pay practices and policies discussed herein (the members of this putative collective are referred to as "Collective Plaintiffs").

12. Named Plaintiffs' claims are typical of the claims of the Collective Action Plaintiffs because Named Plaintiffs, like all Collective Action Plaintiffs, were non-exempt employees of Defendant subject to the pay practices and policies described herein whom Defendant failed to pay at least one and one-half times the regular rate for all hours worked more than 40 hours in a workweek as required by the FLSA.

13. There are numerous similarly situated current and former employees of Defendant who were improperly compensated for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

14. Similarly situated employees (*i.e.,* Collective Plaintiffs) are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

15. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## MA CLASS ACTION ALLEGATIONS
## (Violations of FMWA and MA Common Law)

16. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

17. Named Plaintiff Binda brings his claims asserting violations of the FMWA individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

18. Specifically Named Plaintiff Binda seeks to represent a class of all individuals who, during the period from six years preceding the date the instant action was initiated through the present, worked for Defendant as personal trainers or any other hourly position, worked more than 40 hours during at least one workweek, and were subject to Defendant's pay practices and policies discussed herein (the members of this putative class are referred to as "MA Class Plaintiffs").

19. The class is so numerous that the joinder of all class members is impracticable.

20. Named Plaintiff Binda does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, upon information and belief, the number of potential class members is more than 40 individuals.

21. Named Plaintiff Binda's claims are typical of the claims of the putative class/collective members, because Named Plaintiff Binda, like all MA Class Plaintiffs, was an employee of Defendant in New Jersey whom Defendant failed to pay overtime wages as required by the FMWA using the same scheme detailed herein.

22. Named Plaintiff Binda will fairly and adequately protect the interests of the putative class/collective because Named Plaintiff Binda's interests are coincident with, and not antagonistic to, those of the class.

23. Named Plaintiff Binda has retained counsel with substantial class/collective action experience in the prosecution of claims involving employee wage disputes.

24. No difficulties are likely to be encountered in the management of this class/collective action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

26. Questions of law and fact that are common to the members of the class and predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendant classified Named Plaintiff Binda and MA Class Plaintiffs, who were/are hourly employees, as exempt from overtime wages under the FMWA and whether Defendant failed to pay Named Plaintiff Binda and MA Class Plaintiffs at a rate of at least one and one-half times their regular rate for overtime hours.

## NJ CLASS ACTION ALLEGATIONS
**(Violations of NJWHL)**

27. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

28. Named Plaintiff Webster brings her claims asserting violations of the NJWHL individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. In the alternative, Named Plaintiff brings her claims as a collective pursuant to Section 34:11-56a25 of the NJWHL.

29. Specifically, Named Plaintiff Webster seeks to represent a class or collective of all individuals who, during the period from six years preceding the date the instant action was initiated through the present, worked for Defendant as personal trainers or any other hourly position, worked more than 40 hours during at least one workweek, and were subject to Defendant's pay practices and policies discussed herein (the members of this putative collective/class are referred to as "NJ Class Plaintiffs").

30. The class is so numerous that the joinder of all class members is impracticable.

31. Named Plaintiff Webster does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, upon information and belief, the number of potential class members is more than 40 individuals.

32. Named Plaintiff Webster's claims are typical of the claims of the putative class/collective members, because Named Plaintiff Webster, like all NJ Class Plaintiffs, was an employee of Defendant in New Jersey whom Defendant failed to pay overtime wages as required by the NJWHL using the same scheme detailed herein.

33. Named Plaintiff Webster will fairly and adequately protect the interests of the putative class/collective because Named Plaintiff Webster's interests are coincident with, and not antagonistic to, those of the class.

34. Named Plaintiff Webster has retained counsel with substantial class/collective action experience in the prosecution of claims involving employee wage disputes.

35. No difficulties are likely to be encountered in the management of this class/collective action that would preclude its maintenance as a class action. The class/collective will be easily identifiable from Defendant's records.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

37. Questions of law and fact that are common to the members of the class and predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendant classified Named Plaintiff Webster and NJ Class Plaintiffs, who were/are hourly employees, as exempt from overtime wages under the NJWHL and whether Defendant failed to pay Named Plaintiff Webster and NJ Class Plaintiffs at a rate of at least one and one-half times their regular rate for overtime hours.

**FACTUAL BACKGROUND**

38. The foregoing paragraphs are incorporated herein as if set forth in full.

39. From in or around August 2023 to in or around December 2024, Named Plaintiff Webster worked for Defendant as a Personal Trainer at its location in Cherry Hill, New Jersey.

40. From in or around 2023 until in or around 2024, Named Plaintiff Binda worked for Defendant as a Personal Trainer at its location in Attleboro, Massachusetts.

41. At all times relevant hereto, Defendant paid Named Plaintiffs hourly wages.

42. Hereinafter, MA Class Plaintiffs, NJ Class Plaintiffs and Collective Plaintiffs collectively are referred to as "Class Plaintiffs."

43. All Class Plaintiffs work/worked for Defendant as hourly employees in positions that included Personal Trainer.

44. At all times relevant, Defendant paid Class Plaintiffs hourly wages.

45. At all times relevant hereto, Defendant issued/issues pay checks to Named Plaintiffs and Class Plaintiffs.

46. At all times relevant hereto, Defendant withheld payroll taxes from the paychecks of Named Plaintiffs and Class Plaintiffs.

47. At all times relevant hereto, Defendant issued IRS Form W2s to Named Plaintiffs and Class Plaintiffs.

48. Accordingly, Named Plaintiffs and all Collective Plaintiffs were/are non-exempt employees of Defendant under the FLSA.

49. All MA Class Plaintiffs were/are also non-exempt employees of Defendant under FMWA.

50. All NJ Class Plaintiffs were/are also non-exempt employees of Defendant under NJWHL.

51. Named Plaintiffs regularly worked more than 40 hours in a workweek.

52. All Class Plaintiffs regularly worked/work more than 40 hours in a workweek.

53. Accordingly, Named Plaintiffs and Class Plaintiffs are/were entitled to wages at a rate of at least one and one-half times their regular rate for all hours worked more than 40 hours in a workweek.

54. Nonetheless, for pay periods during which Named Plaintiffs worked more than 40 hours in a workweek, Defendant failed to pay Named Plaintiffs any additional wages whatsoever for said hours.

55. Upon information and belief, Defendant paid Class Plaintiffs in this manner, failing to pay them any additional compensation for hours worked more than 40 in a workweek.

56. Accordingly, Defendant failed/fails to pay Named Plaintiff and Class Plaintiffs at least one and one-half times their regular rates for hours worked more than 40 hours in a workweek.

57. Accordingly, Named Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiffs and Collective Plaintiffs v. Defendant)**

58. The foregoing paragraphs are incorporated herein as if set forth in full.

59. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the FLSA.

60. At all times relevant herein, Named Plaintiffs and Collective Plaintiffs were/are employed by Defendant as "employees" within the meaning of the FLSA.

61. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiffs and Collective Plaintiffs.

62. Under the FLSA, an employer must pay a non-exempt employee at a rate of at least one and one-half times his or her regular rate for each hour worked in excess of forty (40) hours in a workweek.

63. Defendant's violations of the FLSA include failing to pay Named Plaintiffs and Collective Plaintiffs at least one and one-half times their regular rates for hours worked more than forty (40) hours in a workweek.

64. Defendant's conduct in failing to pay Named Plaintiffs and Collective Plaintiffs proper overtime wages was/is willful, not in good faith, and was/is not based upon any reasonable interpretation of the law.

65. As a result of Defendant's unlawful conduct, Named Plaintiffs and Collective Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**Violations of the Massachusetts Fair Minimum Wage Act ("FMWA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff Binda and MA Class Plaintiffs v. Defendant)**

66. The foregoing paragraphs are incorporated herein as if set forth in full.

67. At all times relevant herein, Defendant is/was an "employer" within the meaning of the FMWA.

68. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff Binda and MA Class Plaintiffs.

69. At all times relevant herein, Named Plaintiff Binda and MA Class Plaintiffs are/were employed with Defendant as "employees" within the meaning of the FMWA.

70. Under the FMWA, an employer must pay an employee at a rate of at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

71. Defendant's violations of the FMWA include failing to pay Named Plaintiff Binda and MA Class Plaintiffs at a rate of at least one and one-half times their regular rates for hours worked more than forty (40) hours in a workweek.

72. Defendant's failure to pay the alleged unpaid overtime wages at issue to Named Plaintiff Binda and MA Class Plaintiffs was not an inadvertent error made in good faith.

73. Defendant had no reasonable grounds for believing that failing to pay the alleged earned overtime wages at issue to Named Plaintiff Binda and MA Class Plaintiffs was lawful under the FMWA.

74. Defendant's conduct caused Named Plaintiff Binda and MA Class Plaintiffs to suffer damages.

**COUNT III**
**Violations of the Massachusetts Common Law ("MA Common Law")**
**(Failure to pay All Wages Due)**
**(Named Plaintiff Binda and MA Class Plaintiffs v. Defendant)**

75. The foregoing paragraphs are incorporated herein as if set forth in full.

76. At the time of their hire, Named Plaintiff Binda and MA Class Plaintiffs and Defendant entered into an agreement to pay all wages, including overtime wages, due for all compensable hours worked for Defendant.

77. Defendant breached the agreement by failing to pay to Named Plaintiff Binda and MA Class Plaintiffs all wages due.

78. Defendant's conduct caused Named Plaintiff Binda and MA Class Plaintiffs to suffer damages.

**COUNT IV**
**Violations of the New Jersey Wage and Hour Law ("NJWHL")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff Webster and NJ Class Plaintiffs v. Defendant)**

79. The foregoing paragraphs are incorporated herein as if set forth in full.

80. At all times relevant herein, Defendant is/was an "employer" within the meaning of the NJWHL.

81. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff Webster and NJ Class Plaintiffs.

82. At all times relevant herein, Named Plaintiff Webster and NJ Class Plaintiffs are/were employed with Defendant as "employees" within the meaning of the NJWHL.

83. Under the NJWHL, an employer must pay an employee at a rate of at least one and one-half times his or her regular rate of pay for each hour worked more than 40 hours in a workweek.

84. Defendant's violations of the NJWHL include failing to pay Named Plaintiff Webster and NJ Class Plaintiffs at a rate of at least one and one-half times their regular rates for hours worked more than forty (40) hours in a workweek.

85. Defendant's failure to pay the alleged unpaid overtime wages at issue to Named Plaintiff Webster and NJ Class Plaintiffs was not an inadvertent error made in good faith.

86. Defendant had no reasonable grounds for believing that failing to pay the alleged earned overtime wages at issue to Named Plaintiff Webster and NJ Class Plaintiffs was lawful under the NJWHL.

87. Defendant's conduct caused Named Plaintiff Webster and NJ Class Plaintiffs to suffer damages.

**WHEREFORE**, Named Plaintiffs, Collective Plaintiffs, MA Class Plaintiffs, and NJ Class Plaintiffs pray that this Court enter an Order providing that:

A. Defendant is to compensate, reimburse, and make Named Plaintiffs, Collective Plaintiffs, MA Class Plaintiffs, and NJ Class Plaintiffs whole for any and all pay they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

B. Named Plaintiff Binda and MA Class Plaintiffs are to be awarded liquidated damages under the FMWA in an amount equal to 200% of the actual damages in this case;

C. Named Plaintiff Webster and NJ Class Plaintiffs are to be awarded liquidated damages under the NJWHL in an amount equal to 200% of the actual damages in this case;

D. Named Plaintiffs and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to 100% of the actual damages in this case;

E. Named Plaintiffs, MA Class Plaintiffs, and NJ Class Plaintiffs are to be awarded prejudgment interest on the actual damages in this case;

F. Named Plaintiff, MA Class Plaintiffs, NJ Class Plaintiffs, and Collective Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

G. Named Plaintiffs, MA Class Plaintiffs, NJ Class Plaintiffs, and Collective Plaintiffs are to be awarded all other relief this Court deems just and proper;

H. Named Plaintiffs', MA Class Plaintiffs', NJ Class Plaintiffs', and Collective Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Manali Arora*
Manali Arora, Esq.
Matthew D. Miller, Esq.

Date: March 3, 2026